UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNESTO DANIEL GYUREC, | ) | CASE NO. EDCV 18-00012 R |
| | ) | |
| Appellant, | ) | ORDER DENYING APPEAL |
| | ) | |
| v. | ) | |
| | ) | |
| THE BANK OF NEW YORK TRUST CO., N.A., | ) | Bankruptcy No. 6:09-bk-14497 MJ |
| | ) | |
| | ) | |
| Appellee. | ) | |

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Central District of California. Appellant ("Gyurec") filed his opening brief on April 16, 2018. (Dkt. 7). Having been thoroughly briefed by both parties, this Court took the matter under submission on June 14, 2018.

In March 2009, Gyurec filed a Chapter 11 bankruptcy case after defaulting on a promissory note secured by a lien on a piece of property. Since then, the parties have participated in extensive litigation, including a quiet title adversary action in bankruptcy court, a second quiet title action in state court, two appeals to the district court, an appeal in state court, and three unlawful detainer actions. Before this Court is an appeal of a 2017 order from the bankruptcy court declining to hold Appellee ("BONY") in contempt. The important facts are set out below.

\\\

In 2003, Gyurec executed a promissory note and deed of trust in favor of a creditor, secured by a lien on Gyurec's property (the "subject property"). Later, the creditor assigned the deed to BONY. Gyurec defaulted, and in 2009, filed a Chapter 11 bankruptcy action, forcing an automatic stay of foreclosure proceedings. The bankruptcy court granted BONY relief from the stay, concluding that BONY had the right to possess and foreclose upon the subject property. Gyurec concurrently filed a complaint with the bankruptcy court to quiet title, which was dismissed, and an amended complaint for declaratory relief challenging BONY's ability to foreclose (the "Adversary Action"). The bankruptcy court dismissed the amended complaint, concluding the foreclosure was valid and BONY could market and sell the subject property. The district court affirmed. In 2010, BONY acquired title to the subject property. In 2011, Gyurec sought to disallow BONY's proof of claim in the bankruptcy court. BONY did not respond, and the claim was disallowed.

Also beginning in 2011, the parties initiated a series of state court actions. BONY filed two unlawful detainer actions against Gyurec seeking to evict Gyurec from the subject property. Gyurec prevailed due to errors in the legal description of the subject property. In August 2012, Gyurec filed another state court action to again quiet title to the subject property, claiming that the deed of trust was invalid and BONY did not have the right to foreclose ("Quiet Title State Action"). BONY prevailed. The California Court of Appeal affirmed, concluding that the deed was valid, the unlawful detainer decisions were irrelevant to the issue of title, and, under res judicata, the Adversary Action barred relitigation of BONY's title to the subject property.

On November 23, 2012, the bankruptcy court entered a discharge injunction, relieving Gyurec of any personal liability for debts owed to BONY. The discharge injunction prohibited BONY from "instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of [Gyurec]." Later, BONY brought a third unlawful detainer action seeking to evict Gyurec from the property, which is pending. In the meantime,

\\\
\\\
\\\

2

Gyurec moved the bankruptcy court to enter an order to show cause why BONY should not be held in contempt for violating the discharge injunction. The bankruptcy court denied the motion:

> The motion to set an Order to Show Cause is denied. Debtor could only prevail if the order disallowing the BONY claim was entered before the nonjudicial foreclosure on the property. It was not. The trustee sale took place on December 22, 2010. The order disallowing the claim was entered on August 2, 2011. The state court in an appellate decision and this court in an adversary proceeding both concluded as a matter of law that the foreclosure sale was valid and conveyed title to the subject property to BONY in December 2010. Therefore, the order disallowing the claim was meaningless because BONY no longer had a claim since it held title to the subject property. That order cannot be relied upon for any purpose because the issue – claim allowance – was moot before the order. There was no violation of the discharge.

Gyurec appeals this order.

Federal district courts have mandatory jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(1); *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). On appeal from an order of a bankruptcy court, the district court reviews conclusions of law *de novo*, findings of fact for clear error, and decisions regarding civil contempt for abuse of discretion. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009); *Knupfer v. Lindblade*, 322 F.3d 1178, 1191 (9th Cir. 2003).

"A party who knowingly violates the discharge injunction under § 524(a)(2) can be held in contempt under § 105(a). The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply…. [T]o justify sanctions, the movant must prove that the creditor (1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction." *In re Taggart*, 548 B.R. 275, 286 (9th Cir. 2016).

Gyurec essentially contends that BONY violated the discharge injunction by seeking to dispossess Gyurec from and enforce ownership of the subject property even though BONY lacked

valid title.[1] This Court disagrees. As explained below, Gyurec has not established by clear and convincing evidence that BONY violated the discharge injunction.

First, Gyurec argues that BONY did not have legal title to, or the right to foreclose upon the subject property because the bankruptcy court "disallowed" BONY's claim. Specifically, he argues that under *In re Blendheim*, 803 F.3d 477 (9th Cir. 2015), the claim disallowance voided the deed of trust, extinguishing BONY's rights in the subject property. And because BONY no longer had any property rights, BONY's efforts must be construed as seeking a personal debt against Gyurec in violation of the discharge injunction. The Court reviews this question of law *de novo*.

In *Blendheim*, the Ninth Circuit, citing 11 U.S.C. § 506(d), held that where a pre-foreclosure creditor's secured *claim* had been "disallowed" in a bankruptcy proceeding, the bankruptcy court was authorized to void the lien securing that claim. *Id.* at 489-91. Here, however, BONY did not hold a *claim* against Gyurec at the time BONY's claim was disallowed. Rather, BONY had already foreclosed upon and held *title* to the subject property. BONY's claim was extinguished by then. Cal. Civ. Code § 2910 ("The sale of any property on which there is a lien, in satisfaction of the claim secured thereby…extinguishes the lien thereon."). Neither *Blendheim* nor 11 U.S.C. § 506(d) provides support for the proposition that a creditor may be stripped of *title* to a property upon disallowance of an already-extinguished claim.[2] The bankruptcy court correctly concluded that the order disallowing BONY's *claim* was moot because BONY had already acquired *title* to the subject property.

Gyurec's argument fails for a second, independent, reason. As both the federal courts—in the Adversary Action—and the state courts—in the Quiet Title State Action—have already adjudicated BONY's rights to the subject property, Gyurec may not again litigate BONY's rights to the subject property. Claim preclusion "bars litigation in a subsequent action of any claims that

---

[1] BONY's supposedly improper conduct includes recording non-judicial foreclosure related documents on a void deed of trust, wrongfully bringing three unlawful detainer actions against Gyurec, and continuing to improperly hold record ownership of the property.

[2] *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016) does not support Gyurec's argument that BONY's lien is void. Even ignoring that two courts have already determined as a matter of law that Gyurec has valid title to the subject property, this Court finds no basis to conclude that BONY is not the "true owner" of the deed. More, *Yvanova* defines what it means for a contract to be "void" but does not support that BONY's lien here is void.

4

were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 714.

Here, all three elements are satisfied.[3] Under the first element, all three lawsuits share an identity of claims. In the Adversary Action, Gyurec originally sought to quiet title to the subject property, and then amended his complaint seeking to determine BONY's right to foreclose. In the Quiet Title State Action, Gyurec again sought to quiet title to the subject property. Here, although Gyurec does not technically bring a cause of action for quiet title, he essentially seeks to re-litigate BONY's title to the subject property. More, all three lawsuits arise from the same transactional nucleus of facts. That is, they all concern the transactions between Gyurec and BONY respecting the same subject property, including the ownership rights in that property. The "identity of claims" element is met. Under the second element, the Adversary Action and Quiet Title State Action both yielded final judgments in favor of BONY. Under the third element, Gyurec was also a party to the Adversary Action and Quiet Title State Action. Notably, Gyurec does not address claim preclusion respecting the Adversary Action or Quiet Title State Action, effectively conceding the argument to BONY. In fact, Gyurec ignores the Quiet Title State Action altogether. Gyurec is precluded from seeking a ruling invalidating BONY's title in the subject property.

Next, Gyurec argues that the bankruptcy court erred because it failed to apply issue preclusion to issues already decided in the unlawful detainer actions. According to Gyurec, because the unlawful detainer courts found that there was a defect in BONY's title to the subject

---

[3] The claim is also barred under state claim preclusion principles. Under California law, claim preclusion applies where (1) a claim raised in the present action is identical to a claim litigated in a prior action, (2) the prior action yielded a final judgment on the merits, and (3) the party against whom claim preclusion is asserted was a party or in privity with a party to the prior action. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). For the first element, claims are identical if they involve the same "primary right," i.e. the same harm. *Id.* at 797-98. Here, under the first element, Gyurec sought redress in state court for the same harm he alleges here, that BONY seeks to take title to, and evict Gyurec from, the subject property. The remaining elements are the same as under federal law for purposes here.

property, the bankruptcy court should have adopted these findings and concluded that BONY's title was invalid. The Court reviews this question of law *de novo*.

Gyurec's argument fails, ironically, because issue preclusion actually bars *Gyurec* from re-litigating whether the unlawful detainer actions render BONY's title to the subject property defective.[4] In apparent bad faith, Gyurec neglects to mention that the California Court of Appeal decided this *exact* issue—and apparently rejected Gyurec's exact same argument premised on California Code of Civil Procedure 1161a—in the Quiet Title State Action. (Supplemental Excerpt of Record 27-29). The same parties litigated this issue, the California Court of Appeal extensively analyzed and necessarily decided this issue in favor of BONY, the decision was final and on the merits, and public policy favors conserving judicial resources and prohibiting parties like Gyurec from seeking inconsistent rulings. *See In re Kelly*, 182 B.R. 255, 258 (9th Cir. 1995). Therefore, the bankruptcy court did not err in ignoring the unlawful detainer actions.

For the reasons above, Gyurec has not established by any evidence, let alone clear and convincing evidence, that BONY violated the discharge injunction. Therefore, the bankruptcy court did not abuse its discretion in declining to hold BONY in contempt.

**IT IS HEREBY ORDERED** that Gyurec's appeal is DENIED. (Dkt. 7).

Dated: August 2, 2018.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

---

[4] For the same reasons above, claim preclusion also applies.

6